246

## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Krisjansons

August 23, 1996

Case No. CM960244

By Judge Alfred D. Swersky

Defendant's Motion to Dismiss, which the Court treats as a plea in bar, will be granted.

Defendant was charged with driving while intoxicated in violation of the Code of the City of Alexandria, § 10-3-266. At the same time and place, a summons was issued for "Speeding by Pace (60/35)" in violation of City Code, § 10-3-875. Defendant posted a collateral on the speeding offense, paying a fine of $75.00 and costs. The fine was apparently calculated at the rate for speeding violations found in Rule 3B:2 of the Rules of the Supreme Court.

The speeding violation provisions of § 10-3-875 of the City Code simply adopt the provisions of Code of Virginia, § 46.2-875, that make the maximum speed limits in the City 35 miles an hour.

Defendant argues that her speeding violation constitutes reckless driving under Code of Virginia, § 46.2-862, which states that speeding 60 miles per hour where the maximum speed is 35 miles per hour constitutes reckless driving. Hence, she argues that her prosecution for driving while intoxicated is barred by Code of Virginia, § 19.2-294.1, which prohibits conviction of both reckless driving and driving while intoxicated where both charges arise out of the same act or acts.

The Commonwealth argues that the offense to which Defendant pleaded guilty was simply a speeding offense for which a collateral could be posted and not the reckless driving offense contemplated by the statute.

The statute in question, § 19.2-294.1, is clear and unambiguous, and the legislative intent is clear. Under Article 7 of Title 46.2, there are fourteen

different offenses that the legislature has determined constitute "reckless driving" (See § 46.2-852, et seq.). Nowhere in § 19.2-294.1 does the legislature delineate, define, or limit in any way the "reckless driving" that constitutes a bar to a conviction for driving while intoxicated. Hence, the Court concludes, the legislature intended to include any offense constituting reckless driving under the Code.

Since operation of a motor vehicle at the speed of 60 miles per hour where the maximum speed is 35 miles per hour constitutes reckless driving and since Defendant has been convicted of this offense and the charges grow out of the same act or acts, the conviction of Defendant of driving while intoxicated is barred by the provisions of § 19.2-294.1.